United States District Court
Northern District of Indiana

| | | |
|---|---|---|
| LARRY ORUTA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:13-CV-600 JVB |
| | ) | |
| FIFTH THIRD BANK and | ) | |
| CONTINENTAL AIR TRANSPORT, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Larry Oruta, a *pro se* plaintiff, filed a complaint under 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis*. (DE 1, 2.) The Court has an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen the complaint before service on the defendant, and to dismiss it if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Here, Oruta is suing two private companies, Fifth Third Bank and Continental Air Transport, Inc. ("Continental") for constitutional violations under 42 U.S.C. § 1983. The complaint is not a model of clarity, but it can be discerned that his claims arise from an Illinois court case in which he obtained a judgment against Continental, apparently for an injury he suffered while working for the company. He later successfully enforced the judgment through a garnishment proceeding, and obtained approximately $80,000 from a Fifth Third Bank account owned by Continental. However, in December 2012, the state court determined that the judgment had been fraudulently obtained, and ordered the return of all funds that had been released to Oruta. As a result, Fifth Third Bank seized one of Oruta's bank accounts, and he was also later found in contempt and arrested when he failed to appear in court. (DE 1 at 8-9.) In this lawsuit, he seeks the return of his money, an additional $10 million in damages for violation of his Fourth and Fourteenth Amendment rights, and "reversal of the biased and illegal repeal of judgment" issued by the Illinois court. (DE 1 at 6.)

Upon review, this case cannot proceed. Both of the defendants are private companies, and a private company cannot be sued for constitutional violations, since the Constitution only applies to state actors. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822-23 (7th Cir. 2009). In limited circumstances a private company can be sued for a constitutional violation when it conspired with a state actor. *Id.* at 823. Here, however, Oruta does not allege, nor can it be plausibly inferred from the complaint, that the two companies conspired with a state actor to deprive him of his constitutional rights. He may be alleging that the companies indirectly caused his arrest through their involvement in the state proceeding, but this alone would not transform them into state actors. *See Wilson v. McRae's, Inc.*, 413 F.3d 692, 693-94 (7th Cir. 2005)

(department store was not a state actor and could not be sued under 42 U.S.C. § 1983 on the basis of an incident in which store employees accused the plaintiff of theft and called police, resulting in his arrest). Accordingly, Oruta cannot sue the defendants for constitutional violations under 42 U.S.C. § 1983.[1]

Furthermore, this Court has no authority to review, reverse, or otherwise invalidate the orders issued by the Illinois court as Oruta requests. Under the *Rooker-Feldman* doctrine, lower federal courts lack jurisdiction to review the decisions of state courts in civil cases. *Gilbert v. Ill. Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010). The doctrine "prevents a state-court loser from bringing suit in federal court in order effectively to set aside the state-court judgment," and it applies "even though the state court judgment might be erroneous or even unconstitutional." *Id.* It is apparent that Oruta strongly disagrees with the Illinois court's decision to revoke the judgment he was previously granted. He may have some appellate remedy available in the Illinois courts, but he has no remedy available in this Court under 42 U.S.C. § 1983 to obtain review of the Illinois court's orders.

For these reasons, the plaintiff's motion for leave to proceed *in forma pauperis* (DE 2) is **DENIED** and the complaint (DE 1) is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**SO ORDERED** on June 21, 2013.

                                                               s/ Joseph S. Van Bokkelen
                                                               Joseph S. Van Bokkelen
                                                               United States District Judge
                                                               Hammond Division

---

[1] Oruta also makes vague reference to violations of the "Consumer Protection Act, Privacy Act, and 1990 H[u]man Rights Act," but it is unclear what he is referencing. Even giving the complaint liberal construction, the Court cannot discern within it any plausible federal claim. Oruta also does not make any allegations about the citizenship of the parties, nor can it otherwise be plausibly inferred that he is trying to invoke the Court's diversity jurisdiction.